## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CLINT PHILLIPS,                          )
                                         )
                 Plaintiff,              )
                                         )
        v.                               )        No. 4:21-CV-723 AGF
                                         )
UNITED STATES,                           )
                                         )
                 Defendant.              )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Clint Phillips, for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will require plaintiff to show cause as to why this action should not be dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B) and for lack of jurisdiction.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

### The Complaint

Plaintiff filed the complaint on June 18, 2021. Plaintiff has identified the jurisdictional basis for filing the present lawsuit as Title 28 U.S.C. §§ 2671-2680. On his civil cover sheet plaintiff alleges that his cause of action is a product liability action.

Plaintiff claims the events giving rise to his claims occurred in December of 2015. Plaintiff asserts that at that time, his doctor, Lara Fuchs told him that he had akathisia[1] and erectile dysfunction. Plaintiff claims that Dr. Fuchs told him that both disorders were a side effect of medication he had taken and was currently taking, including Zyprexa, Haldol, Invega (Sustenna) and Risperidone (Risperdal). He claims that at this point he filed an "1151" claim under Title 38 U.S.C. § 1151. Plaintiff writes:

> When I filed this claim two years before there was an actual diagnosis which was 12/17, this is when I knew that I had disabilities that were caused by medication and my statute of limitations started. I filed a tort claim in 2018 well within the two-year time period required under the FTCA. Originally Elizabeth Martin was the VA investigator that originally denied this legitimate and valid claim based on somehow received misconstrued information and because of this she reset my statute of limitations and it began 1/20 and she said she would respond by February 2020 which she did not.

---

[1]Akathisia is a movement disorder that makes it hard for a person to stay still.

Plaintiff also writes:

> In 2021 Elizabeth Mantin was replaced by the General Counsel with Alicia Kini who unreasonably tried to give me an earlier statute of limitations based on falsified information given to her by doctors prior to Fuchs, like Mogallou, stating that she had discussed all side effects of medication which she did not there was no informed consent for either medication the Zyprexa, Haldol, or Invega that warned me of these side effects.

In his request for relief, plaintiff states that he is seeking:

> 8.4 million because the VA's negligence in not giving me informed consent led to Akathisia for which I now take another medicine called Propanolol and sexual side effects of which I refused Viagra to avoid strokes.

Plaintiff also seeks summary judgment in this action, as well as an appointment of a "guardian ad litem."[2]

### Plaintiff's Litigation History in This Court

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. The instant action is one of thirty-five (35) civil actions he has filed to date in this Court since 2010.[3]  Counting the

---

[2]Plaintiff does not indicate why he seeks a guardian ad litem in this action.

[3]*See Phillips v. Wooderson,* No. 4:10-cv-2038 FRB (E.D.Mo); *Phillips v. City of St. Louis,* No. 4:11-cv-791 CEJ (E.D.Mo); *Phillips v. Wood,* No. 4:13-cv-412 ERW (E.D.Mo); *Phillips v. Geiger,* No. 4:13-cv-529 HEA (E.D.Mo); *Phillips v. Buzz Westfall Justice Center,* No. 4:13-cv-734 TIA (E.D.Mo); *Phillips v. Murray,* No. 4:13-cv-795 FRB (E.D. Mo); *Phillips v. Wood,* No. 4:13-cv-973 ERW (E.D. Mo); *Phillips v. Christian Hospital Northeast,* No. 4:13-cv-1018 CAS (E.D.Mo); *Phillips v Murray,* No. 4:13-cv-1438 FRB (E.D.Mo); *Phillips v Williams,* No. 4:14-cv-314 CDP (E.D.Mo); *Phillips v. Murray,* No. 4:14-cv-315 JCH (E.D.Mo); *Phillips v. United States,* No. 4:14-cv-316 RWS (E.D.Mo); *Phillips v. Murray,* No. 4:14-cv-1916 ERW (E.D.Mo); *Phillips v. City of St. Louis,* No. 4:14-cv-2044 CEJ (E.D.Mo); *Phillips v. Blanks,* No 4:15-cv-485 CAS (E.D.Mo); *Phillips v. Missouri Dept. of Social Services,* 4:16-cv-1146 RLW (E.D.Mo); *Phillips v. Grean,* No. 4:16-cv-1234 JCH (E.D.Mo); *Phillips v. Missouri Dept. of Social Services,* No. 4:16-cv-1235 AGF (E.D.Mo); *Phillips v. Loiterstein,* No. 4:16-cv-1236 AGF (E.D.Mo); *Phillips v. Unknown Director of Corrections of St. Louis County Jail,* No. 4:16-cv-1696 SNLJ (E.D.Mo); *Phillips v. Dunn,* No. 4:16-cv-1698 RWS (E.D.Mo); *Phillips v. United States,* No. 4:18-cv-611 JCH (E.D.Mo); *Phillips v. Unknown St. Louis City Police Officers,* 4:17-cv-1589 JMB (E.D.Mo); *Phillips v. Carpenter,* 4:17-cv-1592 SNLJ (E.D.Mo); *Phillips v. Two Unknown St. Louis City Police Officers,* 4:19-cv-2142 CAS (E.D.Mo); *Phillips v. Three Unknown St. Louis City Police Officers,* 4:19-cv-2922 RLW (E.D.Mo); *Phillips v. Romeo,* 4:17-cv-1636 NAB (E.D.Mo); *Phillips v. St. Louis City Police Officers,* 4:17-cv-1637 HEA (E.D.Mo); *Phillips v. City of St. Louis,* 4:18-cv-1183 JAR (E.D.Mo); *Phillips v. St. Louis Community Credit Union,* 4:20-cv-1275 MTS (E.D.Mo); *Phillips v. Missouri Public Safety,* 4:21-cv-691 JCH (E.D.Mo); *Phillips v. Wal-Mart,* 4:20-cv-1276 SNLJ (E.D.Mo).

current action, three of those cases are still awaiting review pursuant to 28 U.S.C. § 1915. *See Phillips v. United States,* 4:21-cv-692 SRC (E.D.Mo) and *Phillips v. Akbar,* 4:21-cv-909 NCC (E.D.Mo). Of the rest of the thirty-two (32) cases brought in this District Court by plaintiff, one case was stricken pursuant to Federal Rule of Civil Procedure 11, two (2) cases were dismissed pursuant to Federal Rule of Civil Procedure 41(b) and twenty-nine (29) cases were dismissed on preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Four days prior to filing the instant case, on June 14, 2021, plaintiff filed *Phillips v. United States,* 4:21-cv-692 SRC (E.D.Mo). In that case, plaintiff asserts:

> On February 19, 2021 my due process rights were violated by the VA because it took them over 18 mo., 679 days and counting to answer my appeal see Godfrey v. Wilkie.

> I filed this appeal in Aug 2019 via the St. Louis regional office and through the DAV.

> This department has due process protection guidelines in place and when these protections are not followed creates a due process violation.

> My hearing has been scheduled for 8-16-21 almost 6 months past 18 mo.

On July 23, 2021, plaintiff filed *Phillips v. Akbar,* 4:21-cv-909 NCC (E.D.Mo). In that case plaintiff sues Keyjab Akbar as well as United Mart. He asserts that "sometime in '19 or '20, Keyjab Akbar sold [him] a winning MegaMillions luckytown ticket sold at retailer 38718200 (United Mart)…" He states that Akbar failed to provide him with the ticket and "moved on to several different customers" instead of giving him the ticket. Plaintiff believes this act from Akbar was a violation of his Fourth and Fourteenth Amendment rights. He claims he was subjected to an illegal seizure, extortion, criminal conversion, a human rights violation, a due process violation, a deprivation of property, de facto false imprisonment, and negligence.

**Discussion**

As set forth above, on his civil cover sheet plaintiff alleges that his cause of action is a product liability action and arises under Title 28 U.S.C. §§ 2671-2680.[4] The only entity named as a defendant in this action is the United States of America. It does not appear that plaintiff has jurisdiction to bring this action in Federal Court.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied"). There is no indication that such a waiver is present in this action.

It is true that the Federal Tort Claims Act (FTCA) removes the sovereign immunity of the United States from suits in tort. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). To do so, however, the plaintiff must first present his claim in writing to

---

[4]Plaintiff has misinterpreted the exceptions to tort liability under § 2680. Section 2680 describes situations in which the United States cannot be held liable under the Federal Torts Claims Act (FTCA). In particular, § 2680 prohibits suits under the FTCA for "claim[s] arising out of assault, battery, false imprisonment, [and] false arrest . . ." As a result, plaintiff has not shown that the Court has jurisdiction over his FTCA claim.

the appropriate Federal Agency within two years after such claim accrues unless the action is begun within six months after the date of mailing, by certified or registered mail, of a notice of final denial of the claim by the Agency to which it was presented. *See* 28 U.S.C. § 2401(b).

Plaintiff does not allege in his complaint that he presented a *tort* claim brought pursuant to the Federal Tort Claims Act against an agency of the United States and that the claim was denied, a prerequisite to filing suit under the FTCA. *See* 28 U.S.C. § 2675(a); *Farmer's State Sav. Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir. 1989). Rather, plaintiff states in his complaint that he filed a claim pursuant to 38 U.S.C. § 1151 against the VA.

Section 1151, in relevant part, awards compensation to veterans with a disability that "was caused by hospital care, medical or surgical treatment, or examination furnished the veteran" by either a VA employee or in a VA facility, when the "proximate cause of the disability or death was (A) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the [VA] in furnishing the hospital care, medical or surgical treatment, or examination; or (B) an event not reasonably foreseeable." 38 U.S.C. § 1151(a).

First, plaintiff's claim for benefits under 38 U.S.C. § 1151 does not equate to an administrative tort claim that would satisfy the jurisdictional prerequisite of his FTCA action. Section 1151 claims for benefits do not amount to claims for tortious misconduct which must be made prior to filing FTCA claims. *See Mansfield v. Peake*, 525 F.3d 1312, 1317 (Fed.Cir.2008) (analyzing the difference between § 1151 claims for benefits and FTCA claims and finding that filing of an FTCA Form 95 did not constitute the filing of a claim for § 1151 benefits).

Even if plaintiff had filed a claim with the VA for tortious misconduct, the statute of limitations provision in § 2401(b) has been narrowly construed, and a plaintiff must both file his administrative claim within two years after accrual of the claim and file his action in the District Court within six months of the Agency's final action for jurisdiction to be proper. *See Ellison v.*

6

*United States*, 531 F.3d 359, 361 (6th Cir. 2008); *see also, Barnes v. United States,* 776 F.3d 1134 (10th Cir. 2015). A tort claim under the FTCA accrues "even if the claimant does not know the precise medical reason for the injury, provided that he knows or should know that some aspect of the medical treatment caused the injury." *Hahn v. United States*, 313 Fed. Appx. 582, 585 (4th Cir.2008).

There is no indication in the complaint that plaintiff has pursued his tort (FTCA) claims within the Veteran's Administration prior to bringing his claims to the Federal District Court. As such, they do not appear to have been properly exhausted. Moreover, plaintiff's tort claims appear to be time-barred, as he states that he learned about the tort claims as early as 2015.[5] Accordingly, the Court will require plaintiff to show cause why his action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and for lack of jurisdiction.

### Plaintiff's Motion for Appointment of Counsel

Last, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams,* 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson,* 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court

---

[5]Plaintiff indicates that the Veterans Administration asserts that he knew about the side effects of the various drugs even earlier than 2015.

finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause within twenty-one (21) days of the date of this Memorandum and Order why this action should not be subject to dismissal for lack of jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED**.

Dated this 20th day of October, 2021.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE